83,785-01

CAUSE NO. 35540 CRIA

Ex Parte

PAUL K. McGOWN

Applicant

§
§
§
§
§
§
§

IN THE 40th JUDICIAL

DISTRICT COURT

ELLIS COUNTY, TEXAS

ADMISSIONS AND OBJECTIONS TO STATES FINDING OF FACTS AND CONCLUSION OF LAW

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 31 2015

Abel Acosta, Clerk

TO THE HONORABLE COURTS:

Here you will find applicants admissions and objections to the states claim that Applicant had several Attorneys, and there was no conflict of interest between Applicant and Attorney Damon Fehler.

FACTS

1. Attorney Charles Slaton was court appointed on January 13, 2011 and only met with Applicant once to inform Applicant he was appointed to Applicants case, but never discussed Applicant case, and there after was never seen by Applicant again. Approximately 2 wks after Charles Slaton was appointed as Applicants counsel, Applicants family without Applicant knowing retained free world Attorney Zack Redington, thus the reason Attorney Charles Slaton withdrew from Applicants case, not because Applicant had any issues with Attorney Slaton, therefore the states claim Applicant had issues with several different Attorneys hold no merits.

2. Attorney Zack Redington visited Applicant on January 25, 2011 thats 12 days after Attorney Charles Slaton was appointed as counsel, and informed Applicant his family was retaining him as counsel to defend him on his charge foa Assault Family Violence by Discussion

1.

Attorney Zack Redington was actually hired by Applicant's family, on January 31, 2011 Exactly 18 days After, Attorney Charles Slaton was Appointed, Again for this REASON Attorney Charles Slaton withdrew from Applicant's CASE. Indeed the Attorney Contract between Applicant, and Attorney Zack Redington, and the Copy of the Calendar dates All Confirm Applicant's Claim that Attorney Charles Slaton was only replaced because a Retained Attorney took over Applicant's CASE, and not, because Applicant had any issues, with Attorney Charles Slaton, Applicant's Attorney Contract with Zack Redington, and, Calendar dates Submitted by Applicant, Also Affirm that the State's Claim Applicant had Several Attorneys held No Merits, due to the fact Attorney Charles Slaton never Worked on Applicant's CASE. The State's own findings of facts, And Conclusions Affirm Attorney Zack Redington did not inform the Courts he had Been hired to Represent Applicant until April 5, 2011 which was Approximately 3 months After he was Retained by Applicant's family on January 31, 2011, and there After Another 3 months Expired before, Attorney Zack Redington met with Applicant, which was Around July 28, 2011, and informed him that the Courts was Set to take Applicant's CASE to trial in 2wks, and he hadn't done anything to prepare for Applicant's trial. Attorney Zack Redington failure to make any effort to prepare for Applicant's trial, with in a 6 month spand, (January 31, 2011 to July 28, 2011) was, clearly ineffective Representation of Counsel, and Applicant was well within his Rights Requesting Attorney Redington to withdraw from his CASE, which he did on August 1, 2011 Again Attorney Zack Reding withdrawal had nothing to do with him being bias only deficient as Counsel.

3. Attorney, Damon Fehler was Appointed on September 9, 2011 due to the, withdrawal of Attorney Zack Redington. Applicant stands by his claim that a prominant Conflict of interest Existed from time of Appointment of Counsel, mainly due to Attorney Damon Fehler bias issues, And Extended through out Applicant's trial proceedings. On December 31, 2011 Attorney Damon Fehler filed A Motion to withdraw, And Judge Bob Carrol

2.

After reading Applicant's letter out loud in the court room, concerning the conflict of interest between applicant, and his appointed counsel Damon Fehler, and asking said counsel what was his response to said letter, which was he agree a conflict of interest existed from from time of appointment, Judge Bob Carrol forced said counsel, and Applicant to go to trial together, aware that a conflict of interest was a prominant issue.

Again the States own findings of facts and conclusion of law confirms there was a conflict of interest between applicant, and attorney Damon Fehler, whereas it's stated attorney Fehler filed a motion on December 30, 2011 to withdraw as counsel, and one of his reasons was, (due to he, and applicant was unable to communicate, does not a failure to communicate, evoke conflict).

To say the most incompetent attorney would have enough common sense not to admit he had bias rhcial issue out loud in a court room is not speculation.

Attorney Damon Fehler stated he wanted to withdraw due to being unable to communicate with applicant, yet the state says there was no conflict of interest, these are conflicting statements by both parties, and confirm that the States claim that there was no conflict of interest between attorney Fehler, and applicant hold no merits.

## CONCLUSION

Applicant stands by his claim that he has met his burden to prove he recieved ineffective assistance of counsel at his trial, and he is being illegally restrained.

Signed August 25, 2015

Paul K. McGown 632795
Evidentiary Hearing Requested

**CHASE** ◎

Keep this receipt as a record of your purchase.

FOR YOUR PROTECTION SAVE THIS COPY
## CASHIER'S CHECK

Customer Copy

9080803886

01/31/2011

**Remitter** THELMA MCGOWN-BOSTON

$ **********3,000.00 ***

Texas

Pay To The Order Of    ATTORNEY ZAC REDINGTON

Drawer: JPMORGAN CHASE BANK, N.A.

## NON NEGOTIABLE

TERMS
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.



# CONTRACT OF EMPLOYMENT FOR LEGAL SERVICES

**Name:** _Paul McGown_

**Offense/Classification:** _Assault (Felony) Ellis County_

Address: _#119 Berval Dr_

**RECEIPT**    **No. 544414**

DATE _January 31 2011_

FROM _Thelma McGown_    **$3000⁰⁰**

_three thousand ⁰⁰/₁₀₀_ DOLLARS

○ FOR RENT
✗ FOR _Paul K. McGown_

| ACCT. | 5000 00 | ○ CASH |
| PAID | 3000 00 | ✗ CHECK |
| DUE | 2000 00 | ○ MONEY ORDER |
| | | ○ CREDIT CARD |

from Checking #905080-886

BY _NGuierca_

A-1152
T-4161

**Venue/ Court** _____

**KNOWN ALL MEN BY THESE PRESENTS:** That _PAUL K. McGOWN_ hereinafter "Client," does hereby employ and retain Redington & Redington, hereinafter "Attorney," as his attorney at law and attorney in fact to represent him in defense of the aforementioned case, in consideration of the payment of the following fee:

$ _5000-00_

with the sum of, $ _3000.00_ , to be paid as an initial deposit. Client agrees that Attorney shall have no responsibility in connection with the case unless and until the deposit is actually tendered to the said Attorney.

The entire balance of the fee is to be paid by the final disposition of the case. Monthly payments of _$500_ shall be made for the period of _2 months._

Client acknowledges and agrees that the above fee does not include any expenses for investigation, photographs or any other expenses necessary to investigate, prepare and/or try the case and that Client will reimburse Attorney for all expenses. Client further acknowledges and agrees that the above fee:

(1) <u>does not include</u> any fee for trial of the case; that, in the event the case is to be tried on the merits, the trial fee must be paid at least thirty (30) days prior to trial, and that the fee for representing Client in a trial on the merits will be:

    a. $ _____ TBD _____, if trial is to a jury, or

    b. $ _____ TBD _____, if trial is to a judge only, without a jury;

In the event that a plea agreement is reached or the case is dismissed prior to trial but after trial fee has been paid, client acknowledges and agrees that no part of the trial fee payment is refundable.

(2) <u>does not include</u> an appeal to either the Court of Appeals or the Court of Criminal Appeals;

(3) <u>does not include</u> the expenses of preparing the record for the appeal;

(4) <u>does not include</u> any appeal to the Supreme Court of the United States and does not include any appearance before the Board of Pardons and Paroles should a conviction result;

(5) ~~does not include~~ securing an occupational driver's license, for which fees are ~~set at $_____~~;

(6) <u>does not include</u> filing a Motion to Dismiss in a case resulting in a Deferred Adjudication probation upon successful completion of community supervision.

Client acknowledges and agrees that should the case have to be retried for any reason after it has once been tried, that Attorney shall be under no obligation to try the case, absent a further agreement between Attorney and Client calling for Attorney to do so.

**CLIENT ACKNOWLEDGES AND AGREES THAT NO PART OF THE PAYMENTS MADE IS REFUNDABLE, AS ATTORNEY IS OBLIGATED TO TAKE CERTAIN MINIMUM EFFORTS IN THE REPRESENTATION OF CLIENT, INCLUDING INITIATING A PRELIMINARY INVESTIGATION, COMPENSATION FOR WHICH IS COVERED BY INITIAL PAYMENTS.**

Client acknowledges and agrees that in the event payment is not made as specified above, Attorney may withdraw from representation, and shall owe no other duty to Client as his Attorney. Any withdrawal shall be done according to the laws of the State of Texas, and/or any applicable rules of court.

**CLIENT ACKNOWLEDGES AND AGREES THAT ATTORNEY MAKES AND HAS MAS MADE NO PROMISES OR GUARANTEES AS TO THE OUTCOME OF THE AFOREMENTIONED OR ANY OTHER CASE.**

I have read over and fully understand the above contract and accept its terms and conditions.

Paul K. McGown          1-31-11          Thelma McGown-Boston
Client                         Date                      Mother

Attorney                       Date       1/31/11

Redington & Redington
Attorneys at Law

1130 Dragon Street, Suite 240
Dallas, Texas 75207
Phone: 214.744.1886
Fax: 214.821.3662

108 E. Franklin Street
Waxahachie, Texas 75165
Phone: 972.938.3060
Fax: 972.938.2080

# JANUARY 2011

| SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY |
|---|---|---|---|---|---|---|
| | | | | | | 1 New Years Day |
| 2 | 3 New Years Holiday _Chase Kevin - Hotel_ | 4 Chase drove bar Great Lakes St. | 5 | 6 | 7 | 8 |
| 9 | 10 Buried this _Pitscм Regatha_ | 11 | 12 | 13 | 14 | 15 |
| 16 Martin Luther King Day | 17 No class | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 Classes Begin | 25 Naidoo called _Recommend Lawyer_ _zac Redington_ _Visited Kevin_ | Talked 26 to zac Redington | 27 | 28 | 29 |
| 30 Met (31) ZAC Redington Hired for Paul Kevin's Attorney | | | | | | |